Sean PRINCE, Plaintiff—Appellant,

v.

Delos REYES, Deputy; D. Dunlop, Deputy; William B. Kolender, San Diego County Sheriff, Defendants—Appellees.

No. 05–55286.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2006.

Decided March 17, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Sean Prince, Blythe, CA, pro se.

David G. Axtmann, Esq., Office of the County Counsel, San Diego, CA, for Defendants–Appellees.

Before: THOMAS and MCKEOWN, Circuit Judges, and KING,* District Judge.

### MEMORANDUM **

Sean Prince appeals the district court's decision granting summary judgment against him on his claims pursuant to 42 U.S.C. § 1983. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■ The district court did not err in granting summary judgment on Prince's claims against deputies Reyes and Dunlop. To prevail on his § 1983 action, Prince must demonstrate that the conduct both factually and proximately caused his alleged injuries. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.1981) (noting that the plaintiff must establish both proximate and legal causation to prevail on a § 1983 claim). Even assuming, *arguendo*, that

---

* The Honorable Samuel King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the deputies did not respond appropriately to his medical requests, the undisputed evidence indicates that if they had referred him to the prison medical facility, the result would not have been different. When he was referred, medical personnel only provided hand and wrist support, an ice pack, and Motrin. This commenced a series of medical visits which did not result in an accurate diagnosis for approximately three weeks.

Even drawing the factual inferences in the light most favorable to the plaintiff, as we must, the undisputed facts indicate that the initial failure to refer Prince for medical treatment, while regrettable, was not the proximate or factual cause of the damages. The undisputed facts indicate that a prompt referral would not have produced a different outcome. Therefore, because Prince has failed to raise genuine issues of material facts concerning the element of causation, the district court did not err in granting summary judgment on the claims against the deputies.

■ The district court also did not err in granting summary judgment as to Sheriff Kolendar. Prince's claims against Kolendar in his individual capacity are based on respondeat superior liability, which is not actionable under § 1983. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691–92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bonner v. Lewis*, 857 F.2d 559, 566 (9th Cir.1988). Prince has not tendered evidence that would create a genuine issue of material fact concerning failure to supervise, or the existence of a custom or practice, that would otherwise give rise to potential liability.

■ The district court also properly dismissed Prince's equal protection claim because he failed to allege facts that demonstrated that he was a member of a protected class, *see Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073,

145 L.Ed.2d 1060 (2000), and that any of the defendants acted with an intent or purpose to discriminate against him based on his membership in a protected class, *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). The district court's *sua sponte* dismissal of this claim without leave to amend was not an abuse of discretion as it does not appear that Prince "can correct the defect[s]" in his complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir.2000) (internal quotations omitted).

Prince's remaining claims are without merit.

**AFFIRMED.**